HIRSCH BROS. & CO. ET AL. *v.* RICHARDSON, MASON & CO.

1. SALE OF GOODS. *Fraudulent intent of seller. Right of purchaser to secure his debt.*

A creditor may, in good faith, purchase goods from his debtor in order to secure his debt, and the transaction will be valid, though the debtor, in making the sale, may have been actuated by the purpose of defrauding his other creditors.

2. SAME. *Payment of cash by purchasing creditor. Case in judgment.*

And if in such case the purchasing creditor pay to the selling debtor a small

amount of money, being the difference between the debt and the value of the goods, the validity of the sale is not thereby affected, even though the creditor have reason to believe that such cash difference will not be paid over to other creditors, provided the purchaser only paid the same in order to secure his debt, and not for the purpose of aiding or abetting the debtor in defrauding his other creditors.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

Richardson, Mason & Co., creditors of one Cohen, caused an attachment to be levied on a certain stock of goods as the property of the latter. Hirsch Bros. & Co., also creditors of Cohen, interposed their claim to the goods by virtue of a certain bill of sale previously executed to them by Cohen in payment of their debt. The court, in the trial of the claimants' issue, instructed the jury in the 12th instruction for the plaintiffs, Richardson, Mason & Co., as follows:

"If the jury believe from the evidence that I. B. Cohen made the sale of the goods in controversy to Hirsch Bros. & Co., for the purpose of defrauding creditors, and Hirsch Bros. & Co. knew or had good reason to believe that such was his intention, then the sale was void as to Cohen's creditors and the jury will find for the plaintiffs." The jury found for the plaintiffs and there was judgment accordingly. Subsequently a judgment was rendered in favor of the plaintiffs against the defendant in attachment. Thereupon the claimants and the defendant appealed.

*Beall & Pope*, for the appellants, filed an elaborate brief, in which they discussed questions other than that passed upon by this court.

COOPER, C. J., delivered the opinion of the Court.

*White & Fox, J. H. L. Gerdine* and *Barry & Beckett*, for the appellees, filed a lengthy brief, meeting that of counsel for the appellants, but not discussing the question adjudicated here.

The twelfth instruction for the plaintiff should not have been given. By it the jury was directed to find for the plaintiffs if Cohen sold the goods to the claimants for the purpose of defrauding creditors, and the claimants knew or had good reason to believe that such was his purpose. It ignores the right of the purchasers in good faith to buy the goods to secure pay-

ment of their own debt, regardless of the purpose or intent with which the seller sold. The rule declared would be a proper one where a person having no connection with a debtor as his creditor, should for the purpose of enabling the debtor to convert his property into money or choses in action to defraud creditors, aid him in the scheme by purchasing his tangible property. But where one has a debt due him, and buys for the purpose of recovering that debt and not for the purpose of aiding and abetting the debtor to defraud his creditors, the rule does not apply, and if under such circumstances he pays to the debtor a small amount in money, being the difference between his debt and the value of the goods, and this payment is made not to aid the debtor to defraud his creditors, but solely for the purpose of recovering the purchaser's debt by getting the goods, the purchase is not invalid though the creditor may have reason to believe that the sum so paid may be withheld from creditors by the debtor.

The test is whether the payment is made to aid the fraudulent debtor, or for the lawful purpose of securing payment of his own debt.

*Reversed.*